# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| MINDEN PICTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEREDITH OPERATIONS CORPORATION and DOTDASH MEREDITH, INC., <br><br> Defendants. | Civil Action No. 4:22-cv-329 <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT – INJUNCTIVE RELIEF DEMANDED** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff MINDEN PICTURES, INC. by and through its undersigned counsel, brings this Complaint against Defendants MEREDITH OPERATIONS CORPORATION and DOTDASH MEREDITH, INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff MINDEN PICTURES, INC. ("MPI") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute MPI's original copyrighted Works of authorship.

2. MPI is recognized as the premier provider of rights managed wildlife and nature stock photos and feature stories. MPI's collection covers key aspects of natural history, ecology, biodiversity, and endangered species from all continents including many remote and isolated regions. MPI also features images of human interaction with the natural world highlighting natural science research, conservation, environmental issues, indigenous peoples, and eco travel.

3. Defendant MEREDITH OPERATIONS CORPORATION ("MOC") is the No. 1 magazine operator in the United States, and owner of the largest premium content digital network for American consumers. MOC's leading national brands include key consumer interest

areas like entertainment, food, lifestyle, home, and parenting, such as PEOPLE, TRAVEL + LEISURE, FOOD & WINE, Better Homes & Gardens, Parents, REAL SIMPLE, allrecipies, and Southern Living, among others. At all times relevant herein, MOC owned and operated the internet websites located at the URL www.foodandwine.com (the "Food & Wine Website") and www.travelandleisure.com (the "Travel+Leisure Website") (collectively referred to herein as the "Websites").

4. Defendant DOTDASH MEREDITH, INC. ("Dotdash") is the parent corporation of MOC.

5. Defendants MOC and Dotdash are collectively referred to herein as "Defendants."

6. MPI alleges that Defendants copied MPI's copyrighted Works from the internet in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in Iowa.

10. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

**DEFENDANTS**

11. Meredith Operations Corporation is an Iowa Corporation, with its principal place of business at 1716 Locust Street, Des Moines, Iowa, 50309, and can be served by serving its Registered Agent, C T Corporation System, 400 East Court Avenue, Des Moines, Iowa, 50309.

12. Dotdash Meredith, Inc. is a Delaware Corporation, with one of its principal places of business at 4100 Old Montgomery Highway, Birmingham, Alabama, 35209, and can be served by serving its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

**THE COPYRIGHTED WORKS AT ISSUE**

13. In 2000, Yva Momatiuk ("Momatiuk") and John Eastcott ("Eastcott") created photograph entitled "00340632" (" the 00340632 Work") and in 2001, Tui de Roy ("Roy") created the photograph entitled "00141070" ("the 00141070 Work") which are shown below and referred to herein as the "Works".



The 00340632 Work (above)                                    The 0014170 Work (below)



14. Momatiuk and Eastcott registered the 00340632 Work with the Register of Copyrights on March 20, 2001 and were assigned the registration number Vau 507-168.

15. On January 9, 2009, Roy registered the 0014170 Work with the Register of Copyrights and was assigned the registration number VA 1-715-029. The Certificates of Registration are attached hereto as **Exhibit 1.**

16. MPI is the owner of the Works by assignment.

17. MPI's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

18. At all relevant times MPI was the owner of the copyrighted Works at issue in this case.

4

**INFRINGEMENT BY DEFENDANTS**

19. Defendants have never been licensed to use the Works at issue in this action for any purpose.

20. On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied the Works.

21. On or about October 3, 2019, MPI discovered the unauthorized use of the 00141070 Work on the Travel+Leisure Website as one of the images for "The Galápagos" contained in an article.

22. On or about December 27, 2020, MPI discovered the unauthorized use of the 00340632 Work on the Food & Wine Website as the image depicting "Texas Hill Country" contained in an article.

23. Defendants copied MPI's copyrighted Works without MPI's permission.

24. After Defendants copied the Works, they made further copies and distributed the Works on the internet to promote the sale of goods and services as part of their conglomerate of consumer-interest online and print magazine business.

25. Defendants copied and distributed MPI's copyrighted Works in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

26. MPI's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

27. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 2.

28. MPI never gave Defendants permission or authority to copy, distribute or display the Works at issue in this case.

29. MPI notified Defendants of the allegations set forth herein on March 18, 2021. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

30. MPI incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. MPI owns valid copyrights in the Works at issue in this case.

32. Momatiuk & Eastcott and Roy registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without MPI's authorization in violation of 17 U.S.C. § 501.

34. Defendants performed the acts alleged in the course and scope of its business activities.

35. Defendants' acts were willful.

36. MPI has been damaged.

37. The harm caused to MPI has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY DOTDASH

38. MPI incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. MPI owns valid copyrights in the Works at issue in this case.

40. Momatiuk & Eastcott and Roy registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

41. Dotdash copied, displayed and distributed the Works at issue in this case and made derivative of the Works without MPI's authorization in violation of 17 U.S.C. § 501.

42. Dotdash had the right and ability to supervise the infringing activities of MOC alleged herein.

43. Dotdash had a direct financial interest in the infringing activities alleged herein.

44. As a result of Dotdash's vicarious infringement as alleged above, Dotdash obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

45. MPI has been damaged.

46. The harm caused to MPI has been irreparable.

WHEREFORE, the Plaintiff Minden Pictures, Inc. prays for judgment against the Defendants Meredith Operations Corporation and Dotdash Meredith, Inc. that:

    a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

    b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

    c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Plaintiff be awarded pre- and post-judgment interest; and

   e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: September 28, 2022   Respectfully submitted,

   */s/ William J. Hale*
   WILLIAM J. HALE
   halew@goosmannlaw.com

   **GOOSMANN LAW FIRM, PLC**
   410 5th Street
   Sioux City, IA 51101
   712.226.4000 – Telephone

   *ATTORNEYS FOR PLAINTIFF MINDEN PICTURES, INC.*